**United States District Court**
For the Northern District of California

1

2

**NOT FOR CITATION**

3

**UNITED STATES DISTRICT COURT**

4

**NORTHERN DISTRICT OF CALIFORNIA**

5

6

7   WARREN E. BLAKE,

8              Petitioner,                    No. C 07-1122 PJH (PR)

9      vs.                                    **ORDER TO SHOW CAUSE**

10  CONNIE MERRILL, Chief Probation
   Officer, Del Norte County, and
11  EDMUND G. BROWN JR., Attorney
   General, State of California,
12
              Respondent.
13  _____/

14          Petitioner, a California prisoner currently on probation, has filed a pro se petition for

15  a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Venue is proper because the

16  conviction was obtained in Del Norte County, which is in this district.  *See* 28 U.S.C. §

17  2241(d).

18                              **BACKGROUND**

19          A jury convicted petitioner of driving while intoxicated.  He was sentenced to jail for

20  192 days.  Petitioner contends that he raised the issues presented here in a state habeas

21  petition which was denied by the Supreme Court of California.

22                              **DISCUSSION**

23  *A.  Standard of Review*

24          This court may entertain a petition for a writ of habeas corpus "in behalf of a person

25  in custody pursuant to the judgment of a State court only on the ground that he is in

26  custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

27  2254(a).  It shall "award the writ or issue an order directing the respondent to show cause

28  why the writ should not be granted, unless it appears from the application that the applicant

1  or person detained is not entitled thereto."  *Id.* § 2243.

2       Habeas corpus petitions must meet heightened pleading requirements.  *McFarland*

3  *v. Scott,* 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and

4  set forth "facts supporting each of the grounds thus specified."  Rule 2(c), Rules Governing

5  Section 2254 Cases in the Federal District Courts, 28 U.S.C. foll. § 2254.

6  *B.  Legal Claims*

7       As grounds for federal habeas relief, petitioner asserts that:  (1) His equal protection

8  rights were violated when the only native American prospective juror was stricken by the

9  prosecution; and (2) the court lacked jurisdiction over his case because he was arrested on

10  "private federal trust land."  These claims are sufficient to require a response.

11                                    **CONCLUSION**

12       For the foregoing reasons and for good cause shown,

13       1.  The clerk shall serve by regular mail a copy of this order and the petition and all

14  attachments thereto on respondents and respondents' attorney, the Attorney General of the

15  State of California.  The clerk also shall serve a copy of this order on petitioner.

16       2.  Respondents shall file with the court and serve on petitioner, within sixty days of

17  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

18  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

19  granted.  Respondents shall file with the answer and serve on petitioner a copy of all

20  portions of the state trial record that have been transcribed previously and that are relevant

21  to a determination of the issues presented by the petition.

22       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

23  the court and serving it on respondents within thirty days of his receipt of the answer.

24       3.  Respondents may file a motion to dismiss on procedural grounds in lieu of an

25  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

26  Section 2254 Cases.  If respondents file such a motion, petitioner shall file with the court

27  and serve on respondent an opposition or statement of non-opposition within thirty days of

28  receipt of the motion, and respondents shall file with the court and serve on petitioner a

**United States District Court**
For the Northern District of California

2

1    reply within fifteen days of receipt of any opposition.

2          4.  Petitioner is reminded that all communications with the court must be served on

3    respondents by mailing a true copy of the document to respondents' counsel.  Petitioner

4    must keep the court informed of any change of address and must comply with the court's

5    orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

6    failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

7    *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

8

9          **IT IS SO ORDERED.**

10

11   Dated: June 29, 2007.                                   _____

12                                                                      PHYLLIS J. HAMILTON
                                                                        United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   G:\PRO-SE\PJH\HC.07\BLAKE122.OSC

**United States District Court**
For the Northern District of California