UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WARREN E. BLAKE,

    Petitioner,

vs.

CONNIE MERRILL, Chief Probation Officer, Del Norte County, et al.,

    Respondent.

No. C 07-1122 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS IN PART; DIRECTING RESPONDENT TO FILE TRIAL COURT RECORDS; SCHEDULING FURTHER BRIEFING**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted based on petitioner's two cognizable claims for relief. Respondent filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. On October 11, 2007, petitioner filed a document entitled "response to the Respondent" which the court construes as a traverse. For the reasons set out below, petitioner's second claim alleging the trial court's lack of jurisdiction is denied, supplemental briefing is ordered with respect to petitioner's first claim asserting the violation of the Equal Protection Clause during jury selection, and respondent is directed to submit the trial court records pertaining to jury selection.

**BACKGROUND**

In 2006, a jury in Del Norte County Superior Court convicted petitioner of driving while intoxicated. On February 28, 2006, the trial court suspended petitioner's sentence of 192 days in county jail and placed petitioner on probation. Petitioner did not appeal this

conviction or sentence. On July 24, 2006, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which was denied on January 24, 2007. Petitioner then filed the instant federal petition for a writ of habeas corpus.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

The claims petitioner raises herein were raised in petitioner's habeas petition to the California Supreme Court, which was summarily denied. Resp. Exs. A, D. Thus there is no reasoned state court opinion on petitioner's claims. Where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim, a review of the record is the only means of deciding whether the state court's decision was contrary to or an unreasonable application of federal law under 28 U.S.C. § 2254(d)(1). *See Plascencia v. Alameda*, 467 F.3d 1190, 1197-98 (9th Cir. 2006). When confronted with such a state court decision, a federal court should conduct "an independent review of the record" to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law. *Id.* The court "must still focus primarily on Supreme Court cases in deciding whether the state court's resolution of the case constituted an unreasonable application of clearly established federal law." *Fisher v. Roe*, 263 F.3d 906, 914 (9th Cir. 2001); *see also Brazzel v. Washington*, 491 F.3d. 976, 981 (9th Cir. 2007) (noting that when state court reaches

2

decision on merits but does not supply reasoning for its decision, federal court reviews the record to determine if there was clear error); *Larson v. Palmateer*, 515 F.3d 1057, 1062 (9th Cir. 2008) (quoting *Brazzel* for rule that if "state court reaches the merits without providing reasoning for us to review, however, 'we independently review the record to determine whether the state court clearly erred in its application of Supreme Court law.'").

## DISCUSSION

As grounds for federal habeas relief, petitioner asserts that: (1) the prosecutor used a peremptory challenge to strike the only Native American prospective juror, in violation of the Equal Protection Clause; and (2) the state trial court lacked jurisdiction over his case because he was arrested on "private federal trust land."

### I.  Equal Protection

Petitioner, who is Native American, claims that the prosecutor used a peremptory challenge to strike the sole Native American prospective juror, in violation of the Equal Protection Clause. At trial, petitioner's counsel did not object to the prosecutor's peremptory challenge to the juror, and thus the state trial court held no hearing on this issue. In his habeas petition to the California Supreme Court, petitioner claimed that the prosecutor's peremptory challenge violated the Equal Protection clause insofar as petitioner is a member of the Yurok Tribe, and the prosecutor struck the only Native American prospective juror, who also happened to be a member of the Yurok Tribe. Resp. Ex. A. In the same habeas petition, petitioner also alleged that he had raised the question of the jury composition to his trial counsel, but counsel failed to take any action. Resp. Ex. C at 2. Consequently, petitioner argued that counsel provided him with ineffective assistance of counsel in that regard. *Id.* Petitioner does not claim ineffective assistance of counsel in the instant petition.

The Equal Protection Clause forbids the challenging of potential jurors solely on account of their race. *Batson v. Kentucky*, 476 U.S. 79, 89 (1986). A party may raise an equal protection claim on behalf of a juror excluded because of the juror's race. *Powers v. Ohio,* 499 U.S. 400, 406 (1991). A violation of equal protection under *Batson* is established

3

in a three-step process: (1) the defendant must make out a prima facie case that the prosecutor exercised peremptory challenges on the basis of race (or gender) "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose;" (2) if the prima facie case is made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question; and (3) if the prosecutor carries the burden of showing a race-neutral explanation, the defendant has the burden to prove purposeful discrimination. *Batson*, 476 U.S. at 93-94, 97-98.

A party satisfies the first step of *Batson* and establishes a prima facie equal protection violation based on race by showing that: (1) the defendant is a member of a cognizable racial group, (2) the group's members have been excluded from the jury, and (3) the circumstances of the case raise an inference that the exclusion was based on race. *Id.* at 96. To satisfy *Batson's* first step, a defendant need not persuade the judge that the challenge was more likely than not the product of purposeful discrimination; rather, he need only produce evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred. *Johnson v. California*, 545 U.S. 162, 171 (2005).

Respondent argues that petitioner has failed to set forth facts establishing a prima facie case of purposeful discrimination under *Batson*, and has not attempted to rebut the prima facie case under *Batson*'s second step. Here, the first and second elements of the *Batson* prima facie case of discrimination are met because the prospective juror is Native American and the prosecutor used a peremptory challenge to remove her. The issue that remains is whether the circumstances of the case are sufficient to permit an inference that the challenge was based on the prospective juror's race. In *Batson*, the Supreme Court stated that in "deciding whether the defendant has made the requisite showing [that the challenge was based on race], the trial court should consider all relevant circumstances." *Williams v. Runnels*, 432 F.3d 1102, 1107 (9th Cir. 2006) (quoting *Batson*, 476 U.S. at 96-97). The Supreme Court reiterated in *Johnson* that "a defendant may rely on 'any other relevant circumstances' to raise an inference of discriminatory purpose." *Id.* (quoting *Johnson*, 545 U.S. at 170). Such other relevant circumstances include the percentages of

4

minority prospective jurors struck, and a "comparative juror analysis" of whether non-challenged jurors possess any of the characteristics on which the prosecution challenged jurors in the protected group. *Boyd v. Newland*, 467 F.3d 1139, 1147, 1149-51 (9th Cir. 2006) (citing *Miller-El v. Dretke*, 125 S.Ct. 2317, 2325-38 & 2326 n.2 (2005)).

Petitioner alleges that the prosecutor struck the only Native American prospective juror, who was also a member of the Yurok Tribe. *See* Resp. Ex. A at 3. Given the fact that petitioner is also a member of the same tribe and that he was arrested on property held in trust for his family, presumably also members of the Yurok Tribe, if the prosecutor did indeed strike the only Native American prospective juror this could permit an inference that the peremptory challenge was based on race and thereby establish a prima facie case of purposeful discrimination under *Batson*. *See Boyd*, 467 F.3d at 1147 ("the Constitution forbids striking even a single prospective juror for a discriminatory purpose"). The court cannot verify whether this is the case, however, because the parties have not submitted transcripts of the voir dire or any portion of the trial record relating to jury selection. A reviewing court cannot examine the "totality of the relevant facts" and "all relevant circumstances surrounding a prosecutor's peremptory strike of a minority potential juror without an entire voir dire transcript. *Id.* at 1150 (quoting *Batson*, 476 U.S. at 94, 96 ); *see also Williams*, 432 F.3d at 1107 ("prosecutor's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose"). Without the voir dire transcripts in this case, this court cannot verify whether petitioner's allegation that the prosecutor struck the only Native American prospective juror is true, nor can the court examine "all relevant circumstances" surrounding the jury selection such as the percentages of minority jurors stricken or compare the jurors stricken with those that were left on the jury.

Respondent argues, correctly, that it is petitioner's burden to prove a prima facie case of discrimination under *Batson*. Ordinarily this would mean that it is petitioner's burden to submit the relevant portions of the trial record. Petitioner states in his traverse that he has not received the trial transcripts, and the record shows that petitioner had

5

requested them in his habeas petition to California Supreme Court but did not receive them. Traverse at 1, Resp. Ex. A at 3. Where, as here, a defendant seeks augmentation of the record concerning a plausible *Batson* claim, that defendant is entitled to the entire voir dire transcript. *Boyd*, 467 F.3d at 1151. All defendants have a right to access to the tools that would enable them to develop their plausible *Batson* claims through comparative juror analysis. *Id.* at 1150 (holding that in light of Boyd's plausible *Batson* claim, the California appellate courts' denial of his request for a complete voir dire transcript and a full comparative analysis of the venire unreasonably applied clearly established federal law).

As petitioner has raised a plausible *Batson* claim, *Boyd* requires that the state provide him voir dire transcripts, any jury questionnaires, and any other portion of the trial court record relating to jury selection. Respondent was ordered in the Order to Show Cause to file and serve all relevant portions of the state trial record "that have been transcribed previously." Respondent did so, insofar as he states that the exhibits he filed with his answer, all of the "available" portions of the state record. Presumably, respondent did not did not include records from the trial court proceedings, such as the Clerk's Transcript and the Reporter's Transcript, because they had not been "transcribed previously". As petitioner has attempted to obtain the trial court transcripts to no avail, respondent will be ordered file and serve upon petitioner the trial court records pertaining to jury selection, including the complete voir dire transcript, any jury questionnaires, and any records demonstrating the composition of the prospective jurors and the jury that served at trial. Respondent shall also, in conjunction with filing the trial court records and serving them upon petitioner, file a supplemental answer and supporting memorandum addressing the merits of petitioner's equal protection claim in light of such transcripts. Petitioner will be afforded the opportunity to file a supplemental traverse.

**II.     Jurisdiction**

Petitioner claims that the trial court lacked jurisdiction over his case because he was arrested on "private federal trust land." Pursuant to Public Law 280, the State of California has jurisdiction to enforce state criminal law on Indian reservations. *See* 18 U.S.C. § 1162,

28 U.S.C. § 1360*; California v. Cabazon Band of Mission Indians*, 107 S.Ct. 1083, 1088 (1987).  The law being enforced in this case, criminalizing driving under the influence of alcohol pursuant to California Vehicle Code §§ 23152(a),(b), is plainly criminal in nature, and thus can be enforced on Indian reservations.  *See id.*

Petitioner attached to his state habeas petition a letter from the Yurok Tribal Attorney stating that "it is possible" that the state's authority to enforce criminal law on Indian reservations under Public Law 280 does not extend to the property where petitioner was arrested, which was "property held in trust by the United States for the benefit of" petitioner. Resp. Ex. A.  The letter merely suggests this possibility, however, and does not cite any authority that the arrest was unlawful.  *See id.*  Petitioner also does not cite any authority in support of his claim, and this court is aware of none, that the Public Law 280 did not authorize petitioner's arrest.  This court can only grant habeas relief based on "clearly established" authority of the United States Supreme Court.  *See Williams (Terry)*, 529 U.S. at 409-12 (pursuant to § 2254(d)(1), federal habeas relief is only available if state court's denial of petitioner's claim was contrary to or unreasonable application of "clearly established" Supreme Court precedent).  In the absence of any authority from the United States Supreme Court in support of petitioner's claim, he is not entitled to habeas relief under 28 U.S.C. § 2254(d)(1).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's second claim, that the state lacked jurisdiction, is DENIED.

2. Within sixty days of the date this order is filed, respondent shall either: (1) file with the court and serve on petitioner a copy of all portions of the state trial record relating to the selection of jurors, including the entire voir dire transcript, any jury questionnaires, and any records relating to the composition of the prospective jurors and the jury that served at trial; or (2) show cause why he is unable to do so.  Also within sixty days of the date this order is filed, respondent shall file a supplemental answer and supporting memorandum addressing petitioner's equal protection claim, particularly in light of trial court records regarding the

selection of jurors.

3. If petitioner wishes to respond to the supplemental answer, he shall do so by filing a supplemental traverse with the court and serving it on respondents within thirty days of the date the supplemental answer is filed.

**IT IS SO ORDERED.**

Dated: March 23, 2009

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\BLAKE122.SUPP