UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WARREN E. BLAKE,

        Petitioner,

vs.

CONNIE MERRILL, Chief Probation Officer, Del Norte County, et al.,

        Respondent.

No. C 07-1122 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. In 2006, a jury in Del Norte County Superior Court convicted petitioner of driving while intoxicated. His sentence of 192 days in county jail was suspended and he was placed on probation. He did not appeal, but his state habeas petition was denied by the California Supreme Court on January 24, 2007.

In his federal petition, petitioner raised two claims: that the trial court lacked jurisdiction, and that the prosecutor used a peremptory challenge to strike the only Native American prospective juror, in violation of the Equal Protection Clause.[1] This court entered an order denying the first claim, regarding jurisdiction, but concluded that the record was not sufficient to allow it to rule on the second claim. Respondent was ordered to provide "all portions of the state trial record relating to the selection of jurors, including the entire

---

[1] *See Batson v. Kentucky*, 476 U.S. 79, 84 n.4 (1986) (Equal Protection Clause forbids the challenging of potential jurors solely on account of their race).

voir dire transcript, any jury questionnaires, and any records relating to the composition of the prospective jurors and the jury that served at trial." Respondent has done so.[2]

The transcript of voir dire shows that (1) defense counsel asked the court not to ask the prospective jurors any questions about race, Supp. Ex. 2, Vol. 1, at 6; (2) contrary to petitioner's unsupported allegations, there is no evidence in the record of the race or ethnicity of the juror in question, only evidence that she worked for the Yurok tribe, *id.* at 124-28; and (3) defense counsel did not object to the prosecution's strike of the prospective juror in question, possibly because her fiancé had been arrested and prosecuted for driving under the influence, the crime with which petitioner was charged, *id.* at 128.

In the absence of any record of the prospective juror's race, petitioner cannot establish even the first step of the *Batson* analysis, a prima facie case that the prosecutor exercised peremptory challenges on the basis of race (or gender) "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose." *Batson*, 476 U.S. at 93-94. Petitioner's second (*Batson*) claim is without merit.

Both of petitioner's claims having been rejected, the petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 26, 2010.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\BLAKE122.RUL

---

[2] Petitioner has not filed a formal opposition to respondent's supplemental filings, but has written to the court saying that respondent did not provide jury questionnaires or any other information about the racial composition of the jury. Respondent has provided the full transcript of voir dire and a copy of the clerk's file; she says that there were no jury questionnaires, and none are in the clerk's file. Although petitioner contends he did not receive the full transcript of voir dire, he concedes receiving the portion covering the examination of the prospective juror who worked for the Yurok tribe. In the circumstances of this case, the court concludes that the response to the court's order was adequate.